UNITED STATES DISTRICT COURT WESTERN DISTRICT OF ARKANSAS

SYNETRA HUGHES

    Plaintiff,

v.

UNIVERSITY OF ARKANSAS

    Defendant

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 26 2022

JAMIE GIANI, Clerk
By
Deputy Clerk

5:22-cv-5155-TLB

Plaintiff Synetra Hughes complaining of Defendant University of Arkansas alleges as follows:

## PARTIES

1. Plaintiff Synetra Hughes is a citizen and resident of the state of Arkansas.

2. Defendant University of Arkansas ("UA") is an educational institution organized and operated under the laws of the State of Arkansas. Defendant UA is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C §1331 because it arises under the laws of the United States.

4. Plaintiff's Counts I and II arise under Title VII of the Civil Rights Act of 1964.

5. Venue is proper in the Western District of Arkansas, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in the Western District of Arkansas.

6. Plaintiff filed a timely charge of discrimination against Defendant with the

Equal Employment Opportunity Commission ("EEOC") on April 26, 2022.

7. The EEOC did not rule that his charge was untimely.

## FACTUAL ALLEGATIONS

10. Plaintiff is a Black female.

11. Plaintiff began her employment with Defendant in July 2014 as a Student Programs Director in the Center for Retailing Excellence.

12. In September 2017, Plaintiff earned a promotion to Assistant Director of the Office of Diversity and Inclusion, but her state designated title remained Project/Program Director.

13. As an Assistant Director Plaintiff's responsibilities increased substantially as she was second in command, but the Defendant did not increase compensation because they was her role was deemed "provisional" and there was "no funding."

14. Plaintiff continually questioned departments on pay disparities and was told by multiple individuals that because she makes more than most people in her position that she has not been considered for pay increases outside of annual merit increase in pay.

15. Plaintiff alleges the University uses her state title to prohibit an increase in pay.

16. August 12, 2021 Plaintiff was notified that she was receiving a promotion and her title would change to Managing Director of the Office of Diversity and Inclusion. Plaintiff alleges that her working title changed, but her state title remained the same.

17. Plaintiff discussed the pay disparity again after the realization that she was not paid similar to others holding a working similar to her own. She was given a 2.5% increase in payment after complaint and was told that was "all that they could do" even though the job required substantially more work.

18. Upon this information Plaintiff requested the state reported salaries from 2017 to 2022 per the Freedom of Information Act.

19. Plaintiff received this information, and it showed her non-black colleagues were promoted and hired at much higher compensation rates and amounts that she had been afforded.

20. Since filing the charge with the EEOC, Plaintiff has been subjected to retaliatory behavior by individual at UA including being excluded from the Remote Work Pilot Program that was given to many in the college except her office.

21. Additionally, Plaintiff was accused of violating multiple UA policies by the Interim Chancellor.

## COUNT I
### (Race Discrimination - Title VII)

22. Plaintiff restates the foregoing paragraphs as if fully rewritten herein.

23. Plaintiff, an African American, was fully qualified for her position at all relevant times.

24. Defendant treated Plaintiff differently than Caucasian employees. Defendant also paid Plaintiff less and passed her over for promotion because of her race in violation of Title VII.

25. Defendant's above-described actions were fraudulent, malicious, wanton, and willful, gross and egregious, exhibited a conscious disregard for Plaintiff's rights, and had a great probability of causing substantial harm.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and damage for which she is entitled to relief.

## COUNT II

## (Retaliation – Title VII)

27. Plaintiff restates the foregoing paragraphs as if fully rewritten herein.

28. Plaintiff made complaints protected by Title VII.

29. Defendant's acts in retaliating against Plaintiff because of her protected complaints include, but are not limited to, treating her worse and paying her less than employees who did not make protected complaints, passing her over for promotion, and changing the job position requirements on account of her protected activity, in violation of Title VII.

30. Defendant's above-described actions were fraudulent, malicious, wanton, and willful, gross and egregious, exhibited a conscious disregard of Plaintiff's rights, and had a great probability of causing substantial harm.

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

b) That Plaintiff be awarded all pay and benefits as a result of Defendant's actions;

c) That Plaintiff be awarded liquidated damages as a result of Defendant's actions;

d) That Plaintiff be awarded pre-judgment interest as a result of Defendant's actions;

e) That Plaintiff be awarded reasonable attorney's fees and costs from

Defendant;

f) That plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

_____*Synetra Hughes*_____

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

_____*Synetra Hughes*_____
3443 W. Earnhardt
Fayetteville, AR 72704
479-799-6684